## SUPREME COURT.

MARVIN J. MERCHANT and another, appellants, agt. MILO M. BELDING and others, respondents.

*Action for legal services.*

When the facts presented before a referee only make out a presumptive right to recover on the part of a plaintiff, the referee may find against him, because his proof is not conclusive and does not operate as an estoppel on the defendant, excluding the right to contest the claim made against him by the plaintiff.

Either partner in a firm can bind himself by using the firm name in an affair having no connection with its business, but the liability would extend no further as long as the party dealing with him understood him to be using the firm name for the convenience of another person, and outside of the scope of its business.

*General Term, First Department, May,* 1875.

THE appeal in this cause is from a judgment recovered on the report of a referee.

*Francis C. Bowen,* for appellants.

*W. B. Putney,* for respondents.

DANIELS, *J.*— This action was brought to recover the value of legal services performed by the plaintiffs, as attorneys and counsellors at law, in the commencement and prosecution to judgment of an action in the names of the defendants, as plaintiffs, against Thaddeus S. C. Lowe, for the recovery of the amount of three promissory notes. The summons in this suit was served upon Milo M. Belding, and he alone appeared

Merchant agt. Belding.

and made a defense. When the action was commenced upon the notes, they appear to have been the property of John L. Wood, and they were by him handed to the plaintiffs to be sued. The plaintiffs claimed that they were retained by the defendants, who were copartners in business, to commence and prosecute the action, while the defendants insisted, and the referee found, that the employment was solely by Wood, the owner of the notes; and the point presented by the case is, whether this conclusion of the referee was sufficiently sustained by the evidence. That was chiefly given by Wood, the defendants' book-keeper, Scott, the plaintiffs, and two of the defendants.

There was no evidence showing a direct personal employment of the plaintiffs by either member of the defendants' firm. But a letter was sent them in the defendants' name by Scott, their cashier and book-keeper, requesting the collection of the notes for them. And the complaint, in the action brought for their recovery, was verified by Alva N. Belding, one of the defendants' firm, and the reply by Charles D. Wood, another member of that firm. These were the substantial facts on which the plaintiffs relied for a recovery in this action. And they were presumptively sufficient for that purpose. But they were not conclusive, and did not operate by way of estoppel on the defendants excluding the right to contest the claim made against them by the plaintiffs. They were simply circumstances indicating a sufficiently strong probability of the defendant's liability to justify a determination against them, without satisfactory evidence on their own part showing such a conclusion to be unwarranted.

That the defendants undertook to give. For that purpose it was shown that they had no interest in either of the notes, but that they were owned by John L. Wood. And when the plaintiffs received them, they delivered him a receipt for them, stating that they were received of him for collection. It appeared, further, by the evidence of Scott, that the letter, requesting the suit to be prosecuted in the defendants' name,

was given without their knowledge or authority, and John L. Wood stated that he informed the plaintiffs at the time that it was so said by Scott. This witness testified further, that the suit was brought in the defendants' names at the suggestion of the plaintiffs, in order to be able to meet more effectually any defense which it was apprehended might be made, and with the distinct understanding that it was to be without trouble or expense to them. He also stated that the plaintiffs applied to him for the payment of their retaining fee, which he paid them; and it fully appeared that their consultations concerning the action were all held with him. And other evidence was given tending to show that the verification of the complaint by a member of the firm was at the instance and request of Scott, who informed him that it was right, and also that it was necessary a member of the firm should sign it. The defendant who did verify it was not a resident of this city, and not employed in the business carried on here by the firm, but simply happened to be here at that time, and had no knowledge of the notes which constituted the subject of that action. And the reply was verified by Charles D. Wood, at the instance of a person in the plaintiffs' employment.

It appeared from the evidence of the only defendant served with process, that he had charge of the defendants' business in this city, and was the only one of them residing here, and had no knowledge of the suit in their name until the present suit was brought, and in no way authorized it. He also stated that Scott was not authorized to employ the plaintiffs on behalf of his firm. After the defense was through, one of the plaintiffs very minutely contradicted what the witness, John L. Wood, had stated in his evidence; but the contradiction was not controlling in the case.

The probabilities were decidedly against the plaintiffs. Under the evidence, the referee was very clearly justified in concluding that they were not employed or retained by the defendants, or either member of their firm; but, on the con-

trary, that the retainer was solely by John L. Wood, the owner of the notes, and for his exclusive benefit, and that the suit was in the defendants' names merely as a matter of advantage for him.

As long as the plaintiffs understood the notes to be owned by John L. Wood, who was in no way connected with the defendants or their business, they were chargeable with knowledge that Scott, who was their book-keeper, had no authority to retain them on account of his employers. And, according to Wood's evidence, they were informed that he had seen neither member of the firm, but simply procured the permission contained in the letter from their book-keeper.

The point in the case depended upon a fair conflict of evidence, with the probabilities of the truth being in the defendants' favor, and the referee so considered it. The transaction out of which the plaintiffs' claim arose was entirely outside of the defendants' business, and the defendant served with the summons and appearing in the action could not be rendered liable upon it, even if two of his copartners had done enough by simply verifying the complaint and reply, without his knowledge or authority, to make them liable to the plaintiffs. Either partner could bind himself by using the firm name in an affair having no connection with its business. But the liability would extend no further as long as the party dealing with him understood him to be using the firm name for the convenience of another person, and outside of the scope of its business (3 *Kent* [10*th ed.*], 48, 49).

The referee was fully warranted by the evidence in taking the view which he did of the plaintiffs' case. He held them not entitled to recover, and the judgment entered upon his report should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.